UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. _____ 1:21CR39WES-PAS |
| v. | |
| COURTNEY HILAIRE, Defendant. | In violation of 18 U.S. C. § 371 18 U.S.C. § 1343, 18 U.S.C. § 1028A(a)(1) 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Conspiracy to Commit Wire Fraud
(18 U.S.C. § 371)

Between March 1, 2020 and April 5, 2021, in the District of Rhode Island and

elsewhere, the defendant, COURTNEY HILAIRE, did knowingly and willfully combine,

conspire, confederate, and agree with others known and unknown to the Grand Jury, to

commit wire fraud, that is to devise and intend to devise a scheme and artifice to

defraud and to obtain money and property by means of false and fraudulent pretenses,

representations and promises, and caused to be transmitted wires and signals in

interstate and foreign commerce, contrary to 18 U.S.C. § 1343.

## Introduction

At all times relevant to this Indictment:

1.     COURTNEY HILAIRE resided in the Districts of Rhode Island and Massachusetts.

2.     Unemployment insurance (UI) was a joint state-federal program that provided cash benefits to eligible workers. Each state administered a separate unemployment insurance program. The Department of Labor and Industry Office of Unemployment Compensation administered UI programs in Pennsylvania.

3.     In March 2020, the Families First Coronavirus Response Act (FFCRA) and Coronavirus Aid, Relief, and Economic Security (CARES) Act provided additional funding for state unemployment insurance (UI) agencies to respond to the COVID-19 pandemic. The CARES Act allowed states to expand the scope of workers who were eligible to receive state UI benefits; to extend the period of time for which workers could be eligible for UI benefits; to allow workers who may have exhausted UI benefits under traditional programs to receive benefits under the Pandemic Emergency Unemployment Compensation (PEUC) program, and to provide an extra pandemic unemployment assistance (PUA) payment for certain beneficiaries.

4.     US Bank was a federally insured financial institution as defined in 18 U.S.C. § 20 headquartered in Minneapolis, Minnesota that offers credit, and debit card services. US Bank is insured by the FDIC. Deposits with US Bank are deposits with an FDIC-insured bank.

2

5.     The United States Small Business Administration ("SBA") was a United States government agency that provided support to small businesses.

6.     The CARES Act provided additional relief from the COVID-19 pandemic in the form of the Economic Injury Disaster Loan ("EIDL") program, which provided loan assistance (including advances up to $10,000) for businesses with, among other things, 500 or fewer employees and other eligible entities for loans up to $150,000. The EIDL program was designed to provide economic relief to small businesses that were experiencing a temporary loss of revenue.

7.     In order to obtain funds through the EIDL program, small businesses applied through the SBA via an online portal and application. As part of the EIDL application process, the SBA required applicants to submit truthful information concerning the business, including the gross revenues for the business prior to January 31, 2020 and the personal identification information of the business owner including date of birth and Social Security Number. Applicants were required to electronically certify that the information provided was true and accurate and were warned that any false statement or misrepresentation to the SBA may result in sanctions, including criminal penalties.

## OBJECT OF THE CONSPIRACY

8.     The object of the conspiracy was for COURTNEY HILIARE and others to unjustly enrich themselves by making false applications to the United States Small Business Administration and various state unemployment compensation programs including the Pennsylvania Department of Labor and Industry Office of Unemployment

3

Compensation, to unlawfully induce those government agencies to dispense money and funds to COURTNEY HILAIRE and others to which they were not entitled.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

9. It was part of the conspiracy that between March 1, 2020 and April 5, 2021, COURTNEY HILAIRE accessed the internet to unlawfully obtain the personal identification information (PII) including the name, Social Security Number and dates of birth of various Americans. Using that PII, COURTNEY HILAIRE accessed commercial public records databases, to obtain additional information about the identity theft victims.

10. On various days and dates the defendant, COURTNEY HILAIRE utilized his cellular telephone to communicate with coconspirators. Specifically, on July 7, 2020, COURTNEY HILAIRE, engaged in text messaging with an unknown coconspirator, Morowa B. COURTNEY HILAIRE, using the moniker Mr. Vacation, messaged Morowa B. using a cellular telephone communications application, during which he solicited Morowa B. to assist in engaging in activities to further his efforts to defraud the Small Business Administration.

11. On or about July 12, 2020, COURTNEY HILAIRE, using the stolen PII of Irina T., DOB XX/XX/1969, SSN ending in 9298, filed an electronic application for unemployment benefits with the Pennsylvania Department of Labor and Industry Office of Unemployment Compensation, falsely representing himself as Irina T., an individual entitled to benefits from Pennsylvania.

4

12. On or about July 12, 2020, COURTNEY HILAIRE, using the stolen PII of David P., DOB XX/XX/1977, SSN ending in 0810, filed an electronic application for unemployment benefits with the Pennsylvania Department of Labor and Industry Office of Unemployment Compensation, falsely representing himself as Peter K., an individual entitled to benefits from Pennsylvania.

13. On or about July 12, 2020, COURTNEY HILAIRE, using the stolen PII of John G, DOB XX/XX/1958, SSN ending in 2704, filed an electronic application for unemployment benefits with the Pennsylvania Department of Labor and Industry Office of Unemployment Compensation, falsely representing himself as John G., an individual entitled to benefits from Pennsylvania.

14. On or about July 12, 2020, COURTNEY HILAIRE, using the stolen PII of Gail F., DOB XX/XX/1954, SSN ending in 8126, filed an electronic application for unemployment benefits with the Pennsylvania Department of Labor and Industry Office of Unemployment Compensation, falsely representing himself as Gail F., an individual entitled to benefits from Pennsylvania.

15. On or about July 13, 2020, COURTNEY HILAIRE, using the stolen PII of Peter K., DOB XX/XX/1964, SSN ending in 1507, filed an electronic application for unemployment benefits with the Pennsylvania Department of Labor and Industry Office of Unemployment Compensation, falsely representing himself as Peter K., an individual entitled to benefits from Pennsylvania.

16.     On or about July 27, 2020, COURTNEY HILAIRE, using the stolen PII of James W., DOB XX/XX/1961, SSN ending in 8959, filed an electronic loan application with the SBA, falsely representing himself to be James W., a business owner.

17.     On or about July 28, 2020, COURTNEY HILAIRE, using the stolen PII of Katherine J., DOB XX/XX/1955, SSN ending in 6811, filed an electronic loan application with the SBA, falsely representing himself to be Katherine J., a business owner.

18.     On or about July 28, 2020, COURTNEY HILAIRE, using the stolen PII of Katherine M., DOB XX/XX/1964, SSN ending in 0053, filed an electronic loan application with the SBA, falsely representing himself to be Katherine M, a business owner.

19.     On or about August 1, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry, responsive to the fraudulent application filed in the name Peter K.

20.     On or about August 1, 2020, COURTNEY HILIARE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name Irina T.

21.     On or about August 1, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US

Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name Peter K.

22.     On or about August 3, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name John G.

23.     On or about August 3, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name Gail F.

24.     On or about August 22, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name Irina T.

25.     On or about August 23, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name John G.

26.     On or about August 24, 2020, COURTNEY HILAIRE caused an ATM withdrawal to be made in the District of Rhode Island from an account opened with US

Bank by the Pennsylvania Department of Labor and Industry responsive to the fraudulent application filed in the name Peter K.

All in violation of 18 U.S.C. § 371.

## COUNTS TWO THROUGH FIFTEEN

Wire Fraud
(18 U.S.C. § 1343)

27. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

### The Scheme to Defraud and Obtain Monies

28. Beginning as early as July 1, 2020 and continuing until April 5, 2021, in the District of Rhode Island, and elsewhere, the defendant,

COURTNEY HILAIRE,

and other persons unknown to the Grand Jury, did commit wire fraud, that is, did knowingly and with intent to defraud, devise and intend to devise a scheme to defraud and to obtain money and property from The Pennsylvania Department of Labor and Industry Office of Unemployment Compensation and the United States Small Business Administration by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, through the transmission in interstate commerce of wire communications.

### Execution of the Scheme

### COUNT TWO

29. On or about July 27, 2020, in the District of Rhode Island and elsewhere,

defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an SBA loan application using the personally identifying information of James W. though the internet from Rhode Island to the SBA server in Iowa.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT THREE

30. On or about July 28, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an SBA loan application using the personally identifying information of Katherine J. though the internet from Rhode Island to the SBA server in Iowa.

All in violation of 18 U.S.C. §§ 1343, and 2

## COUNT FOUR

31. On or about July 28, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an SBA loan application using the personally identifying information of Katherine M. though the internet from Rhode Island to the SBA server in Iowa.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT FIVE

32.   On or about August 1, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of Peter K.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT SIX

33.   On or about August 1, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of David P.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT SEVEN

34.   On or about August 1, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in

Richardson, Texas, accessing the US Bank account of Irina T.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT EIGHT

35.     On or about August 3, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of John G.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT NINE

36.     On or about August 3, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of Gail F.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT TEN

37.     On or about August 12, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire

communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of Brian L.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT ELEVEN

38.     On or about August 12, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of David P.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT TWELVE

39.     On or about August 22, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of Irina T.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT THIRTEEN

40.　On or about August 23, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of John G.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT FOURTEEN

41.　On or about August 24, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to US Bank in Richardson, Texas, accessing the US Bank account of Brian L.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT FIFTEEN

42.　On or about August 24, 2020, in the District of Rhode Island and elsewhere, defendant, COURTNEY HILAIRE, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, sign, and signals, namely, an electronic cash withdrawal signal from an automated teller machine in Rhode Island to

US Bank in Richardson, Texas, accessing the US Bank account of Peter K.

All in violation of 18 U.S.C. §§ 1343 and 2.

### COUNT SIXTEEN

Aggravated Identity Theft
18 U.S.C. § 1028A(a)(1))

43. On or about July 27, 2020, in the District of Rhode Island and elsewhere, the defendant, COURTNEY HILAIRE, during and in relation to the commission of the felony offense of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, did knowingly possess and use without lawful authority, a means of identification of another person, that is the personal identification information of James W. including his Social Security number and date of birth.

All in violation of 18 U.S.C. § 1028A(a)(1).

### COUNT SEVENTEEN

Aggravated Identity Theft
18 U.S.C. 1028A(a)(1)

44. On or about July 27, 2020, in the District of Rhode Island and elsewhere, the defendant, COURTNEY HILAIRE, during and in relation to the commission of the felony offense of wire fraud, in violation of 18 U.S.C. § 1343, did knowingly possess and use without lawful authority, a means of identification of another person, that is the personal identification information of Gail F. including her Social Security number and date of birth.

All in violation of 18 U.S.C. § 1028A(a)(1).

<u>FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. 981(a)</u>
(Conspiracy to Commit Wire Fraud and Wire Fraud)

Upon conviction of one or more of the wire fraud offenses alleged in Counts One

through Fifteen of this Indictment, defendant COURTNEY HILAIRE shall forfeit to the

United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all

right, title, and interest in any and all property, real or personal, which constitutes or is

derived from proceeds traceable to violations of 18 U.S.C. § § 1343, and 371 including but

not limited to the following:

<u>Computers:</u>

- An Apple MacBook Pro laptop computer Model No: A2141 / SN: C02CX1Z3MD6N serial number seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- A Samsung Chromebook Laptop Model No: XE310XBA / SN: 3VPB9FAR204030P seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- Apple iWatch Series 5 with tan and black band, seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

<u>Personal Property:</u>

- Cassida Currency Counter: Model No: Cassida 5520UVMG Barcode underneath device number: 1002216631UM57550A money counter serial number seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island.

- Deftun Card reader: Model No: MSR X6 (Bluetooth) / Barcode number: E12012010550 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- Moxee Mobile Hotspot device: Model No: K779HSDL / SN: 779SDLABYA092612426

Currency:

- Approximately $47,119 in United States currency seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

Cellular Telephones:

- TCL TracFone Wireless Model: A507DL / IMEI: 015591001586131 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 011LCJZ3328564 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 012LCZP3417333 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- TCL TracFone Wireless Model: A507DL / IMEI: 015591001612648 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 012LCHE3660425 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LGMP260 / SN: 806CYDG969978 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- Apple iPhone S Model: A1687 / color silver with cracked screen, seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- ZTE Model: Z839 / SN: 320787140865 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been

commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1) as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

_____
Grand Jury Foreperson

_____
RICHARD B. MYRUS
Acting United States Attorney

_____
WILLIAM J. FERLAND
Assistant U.S. Attorney

_____
LEE H. VILKER
LEE VILKER
Assistant U.S. Attorney
Deputy Criminal Division Chief

Date: _4.16.21_