UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>COURTNEY HILAIRE,<br>Defendant. | Criminal Case No. 1:21-CR-0039-WES |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, COURTNEY HILAIRE, have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will plead guilty to Counts One through Seventeen of the Indictment, which charges Defendant with, Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371, Counts Two through Fifteen, Wire Fraud in violation of 18 U.S.C. 1343, and Counts Sixteen and Seventeen, Aggravated Identity Theft in violation of 18 U.S.C. 1028A(a)(1).

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

1

  c. Defendant further agrees:

(i) to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last two-years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

(ii) to forfeit all interests in any fraud-related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's offense, including but not limited to the following specific property:

Computers:

- An Apple MacBook Pro laptop computer Model No: A2141 / SN: C02CX1Z3MD6N serial number seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- A Samsung Chromebook Laptop Model No: XE310XBA / SN: 3VPB9FAR204030P seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- Apple iWatch Series 5 with tan and black band, seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

Personal Property:

- Cassida Currency Counter: Model No: Cassida 5520UVMG Barcode underneath device number: 1002216631UM57550A money counter serial number seized on or

2

about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island.

- Deftun Card reader: Model No: MSR X6 (Bluetooth) / Barcode number: E12012010550 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment, Providence, Rhode Island

- Moxee Mobile Hotspot device: Model No: K779HSDL / SN: 779SDLABYA092612426

Currency:

- Approximately $47,119 in United States currency seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

Cellular Telephones:

- TCL TracFone Wireless Model: A507DL / IMEI: 015591001586131 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 011LCJZ3328564 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 012LCZP3417333 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- TCL TracFone Wireless Model: A507DL / IMEI: 015591001612648 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LG L322DL / SN: 012LCHE3660425 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- LG Model: LGMP260 / SN: 806CYDG969978 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

- Apple iPhone S Model:  A1687 / color silver with cracked screen, seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence,

Rhode Island

- ZTE Model: Z839 / SN: 320787140865 seized on or about April 5, 2021, at 15 Piedmont Street, second floor apartment Providence, Rhode Island

Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(iii) Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or property involved in illegal conduct giving rise to forfeiture.

(v) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the

4

forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. §

5

3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

  d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

  e. If Defendant pleads guilty pursuant to this plea agreement, the government will not bring any additional wire fraud or aggravated identity theft charges based on the offense conduct in this case. Defendant understands that such charges could expose Defendant to greater penalties, to wit: higher sentencing guideline range and exposure to higher consecutive sentences.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

  a. No earlier than March 1, 2020, the Defendant entered into an agreement with others, including individuals he had "met" via the internet, to engage in a widespread scheme to file false electronic applications for Economic Injury Disaster

6

Loans (EIDL) with the United States Small Business Administration (SBA) using the stolen personal identification information of unwitting victims.

b. Between April 1, 2020 and April 5, 2021, the Defendant entered into an agreement with others including individuals he had "met" on the internet, to engage in a widespread scheme to file false electronic applications with various state unemployment programs including but not limited to, Pennsylvania, New York, California, Rhode Island, Massachusetts, Florida, Nevada, Tennessee using the stolen personal identification information of unwitting victims.

c. During the course of executing these schemes, the Defendant victimized ten or more people by unlawfully using their Social Security Numbers, Dates of Birth and other personally identifying information to apply for unemployment benefits and SBA Loans.

c. During the course of executing this scheme, the Defendant and others created false and counterfeit government identification documents and provided copies of these counterfeit documents bearing the stolen personal identification information of victims to the SBA and various federally funded state unemployment insurances providers.

d. The intended loss of this scheme was no less than $550,000 and no more than $1,500,000.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.   Both the

7

United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are:

(i) Count One: 5 years imprisonment; a fine of $ 250,000; a term of supervised release of 3 years; a mandatory special assessment of $100;

(ii) Counts Two through Fifteen: 20 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; a mandatory special assessment of $100;

(iii) Counts Sixteen and Seventeen: two years imprisonment consecutive to terms imposed for the above-described conduct.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 289 years imprisonment; a fine of $ 3,750,000; and a term of supervised release of 45 years. The mandatory special assessment totals $ 1,700.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration

status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not

affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

11

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
COURTNEY HILAIRE  
Defendant

OCT 20, 2021  
Date

_____  
JOHN L. CALCAGNI, III, ESQ  
Counsel for Defendant

11/12/21  
Date

_____  
WILLIAM J. FERLAND  
Assistant U.S. Attorney

11/15/2021  
Date

_____  
LEE H. VILKER  
Assistant U.S. Attorney  
Deputy Chief, Criminal Division

11/15/2021  
Date